IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

TABETHA GOFORTH,

      Plaintiff,

v.                          Civil Action No: 1:12-4631

UNITED STATES OF AMERICA,

      Defendant

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant's Motion to Dismiss (Doc. No. 10).  For the reasons that follow, the motion is granted.

**I.   Background**

This dispute involves a prisoner, the United States government, and a 10-month old Labrador retriever named "Drake". Plaintiff, the prisoner, was an inmate incarcerated at the Federal Prison Camp located at Alderson, West Virginia.  (Doc. No. 1 at 1).  This prison has a program to allow inmates the opportunity to interact and work with dogs.  Id.  The dogs are housed with the inmates in the long-term residential unit. (Doc. No. 11 at 1).  Inmates involved in the dog program were permitted to take the dogs with them as long as the dogs were on leashes.  (Doc. No. 1 at 2).  Plaintiff alleges she informed a

counselor that she was afraid of and allergic to dogs and therefore wished to not move to the long-term housing unit.  Id. Nonetheless, the Bureau of Prisons (BOP) assigned plaintiff to long-term housing on April 6, 2010 after she completed orientation.  Id.  Plaintiff alleges that she broke her leg on April 7, 2010 while attempting to run away from Drake, the Labrador retriever, who was running towards her.  Id.  Plaintiff alleges negligence because defendant failed to address plaintiff's "stated concern about being around dogs, failed to take proper steps to make certain that dogs inside the prison were properly leashed and restrained, [and] failed to ensure that only well behaved dogs were allowed into the prison for the dog program."  Id. at 3.

On March 26, 2013, the United States filed the instant motion to dismiss this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), along with a memorandum in support of the motion. (Doc. Nos. 10, 11).  The United States contends that plaintiff's lawsuit is barred by the discretionary function exception to the Federal Tort Claims Act (FTCA) because decisions, such as the one involved here, concerning the housing of inmates are committed to the discretion of prison staff.  (Doc. No. 11 at 5).  As such, defendant argues, this court lacks subject matter jurisdiction.  Plaintiff did not file any response until August

2

22, 2013 – well past the deadline.  (Doc. No. 21).  In her
"response", plaintiff simply states that she "has no good faith
response to make to Defendant's Motion to Dismiss."  Id.

## II.  Standard of Review

When subject matter jurisdiction is challenged pursuant to
Rule 12(b)(1), the plaintiff has the burden of proving the
existence of subject matter jurisdiction.  Evans v. B.F. Perkins
Co., 166 F.3d 642, 647 (4th Cir. 1999).  This is especially true
when a party brings an action against the United States pursuant
to the FTCA "because [t]he party who sues the United States
bears the burden of pointing to . . . an unequivocal waiver of
immunity."  Williams v. United States, 50 F.3d 299, 304 (4th
Cir. 1995).  As a direct corollary to this rule, a plaintiff
also bears the burden of persuasion to defeat an asserted
exception to the FTCA waiver of immunity.  See Hawes v. United
States, 409 F.3d 213, 216 (4th Cir. 2005).[1]  When addressing a
Rule 12(b)(1) motion to dismiss, the court "may regard the
pleadings as mere evidence on the issue and may consider
evidence outside the pleadings without converting the proceeding

---

[1] The Hawes decision was vacated when rehearing en banc was
granted.  Prior to rehearing, however, the appellant dismissed
the matter.  The decision has been cited favorably by district
courts in the Fourth Circuit despite this fact.  See ex. Butler
v. United States, 2010 WL 731139 (M.D.N.C. 2010).

to one for summary judgment." Velasco v. Gov't of Indonesia,
370 F.3d 392, 398 (4th Cir. 2004).

### III. Analysis

"It is a fundamental principle of sovereign immunity that
federal courts do not have jurisdiction over suits against the
United States unless Congress, via a statute, expressly and
unequivocally waives the United States' immunity to suit."
United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000); United
States v. Sherwood, 312 U.S. 584, 586 (1941).  The FTCA does
exactly that; it provides that a suit against the United States
shall be the exclusive remedy for persons with claims for
damages resulting from the negligent acts or omissions of
federal employees acting within the scope of their office or
employment.  See 28 U.S.C. § 2679(b)(1).

Nonetheless, the FTCA's waiver of sovereign immunity is
subject to a number of exceptions including the one at issue
here - the discretionary function exception.  The FTCA's waiver
of immunity does not include:

> Any claim based upon an act or omission of an
> employee of the Government, exercising due care,
> in the execution of a statute or regulation,
> whether or not such statute or regulation be
> valid, or based upon the exercise or performance
> or the failure to exercise or perform a
> discretionary function or duty on the part of a
> federal agency or an employee of the Government,
> whether or not the discretion involved be abused.

4

28 U.S.C. § 2680(a).  As stated by the United States Supreme Court, the exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals."  United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984).  The exception shields legislative and administrative decisions based on social and economic policy from the whims of judicial hindsight.

The Supreme Court has established a two-pronged test to determine whether the discretionary function exception applies. First, a court must ascertain whether the governmental action complained of "involves an element of judgment or choice." Berkovitz v. United States, 486 U.S. 531, 536 (1988).  That is, the court must look to whether the governmental conduct is "the subject of any mandatory federal statute, regulation, or policy prescribing a specific course of action."  Baum v. United States, 986 F.2d 716, 720 (4th Cir. 1993).  If such mandatory directive is present, the plaintiff's task is to show that the governmental actor failed to adhere to the mandatory standard.

If, however, there is no mandatory statute, regulation or policy, the court will move to the second prong of the analysis. Here, the court will determine whether the challenged action is one "based on considerations of public policy."  Berkovitz, 486

U.S. at 531; <u>United States v. Gaubert</u>, 499 U.S. 315, 323 (1991).
This second prong gives the government broad latitude.  Indeed,
there is a presumption that "[w]hen established governmental
policy . . . allows a Government agent to exercise discretion, .
. . the agent's acts are grounded in policy when exercising that
discretion."  <u>Id.</u> at 324.  Additionally, the inquiry is an
objective one, requiring that the court ask "whether that
decision is one which we would expect to be grounded in
considerations of policy."  <u>Baum</u>, 986 F.2d at 721.

In this case, plaintiff's complaint can be viewed as
challenging several actions on the part of defendant.  One is
general, and the other more specific.  First, plaintiff
generally attacks the decision to place her in the long-term
residential unit despite her stated fear of dogs.  Secondly,
plaintiff challenges the more specific omission that occurred on
April 7, 2010 – the failure to ensure that Drake was on a leash
and under control.[2]  The court will address whether the
discretionary function exception applies to each action in turn.

The first decision – placing plaintiff in the long-term
residential unit – is clearly one covered by the discretionary

---

[2] Plaintiff would presumably attempt to invoke West Virginia Code
§ 19-20-13 to support her case which provides that "[a]ny owner
or keeper of any dog who permits such dog to run at large shall
be liable for any damages inflicted upon the person or property
of another by such dog while so running at large."

function exception.  The first prong of the two-part inquiry is satisfied here because BOP housing assignments are discretionary and are not subject to a mandatory directive.  Plaintiff does not point to any statute, regulation, or policy which would wholly limit the BOP's discretion.  The only conceivable statute which could provide such a mandatory directive to the BOP is 18 U.S.C. § 4042, which provides generally that prison officials have a duty of providing for the protection, care, subsistence, and safekeeping of all federal prisoners.  Cases from this circuit and other circuits have unanimously held that BOP officials retain wide discretion as to the means by which this general duty is fulfilled.  See Cohen v. United States, 151 F.3d 1338, 1342 (11th Cir. 1998) (discretionary function exception applied to prison administrator's decision to place plaintiff's inmate attacker at a minimum security prison); Calderon v. United States, 123 F.3d 947, 950 (7th Cir. 1997) (discretionary function exception applied to prison administrators' decision to not separate one inmate from another who threatened and eventually attacked the plaintiff); Jacocks v. Hedrick, 2006 WL 2850639 (W.D. Va. Sept. 29, 2006).

Given that the first prong is met, the second prong naturally follows.  The court must presume that the governmental actor's decision was grounded in policy because of the discretion granted.  Plaintiff has provided no information to

suggest that this decision is not grounded in policy and has therefore not overcome the presumption.  The court notes that any information that plaintiff could have provided would not likely have convinced this court that housing decisions of the BOP are not grounded in policy.  Having determined that the BOP has wide discretion and that the use of this discretion requires decisions grounded in public policy, the court finds that the discretionary function exception applies to plaintiff's allegations of negligence based on defendant's decision to place her in the long-term housing unit.

The second action – the failure to properly control Drake on April 7, 2010 presents a more challenging question.[3]  After careful consideration, however, the court likewise determines that this falls within the discretionary function exception.  Again, the first-prong of the analysis is simple – the BOP has wide discretion in how it provides for the care of inmates.  The second prong raises several wrinkles.  No one would doubt that the decision to have a dog program at the prison is one grounded in policy.  Interaction with dogs likely raises the morale of prisoners and provides an overall better environment.  But,

---

[3] The court notes that defendant's memorandum in support of the motion only addressed whether the discretionary function exception applied to the BOP's decision to place plaintiff in the long-term unit.  The alleged negligence for the failure to control Drake was not specifically addressed.  The court has a duty, however, to address this matter because it concerns the power of this court, i.e. subject matter jurisdiction.

that decision itself is not challenged here.  Rather, plaintiff complains of the failure to properly secure the dog to ensure that he could cause no damage.  Is that omission one that is grounded in policy?

Answering this question, it is important to remember that "[t]he focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." Gaubert, 499 U.S. at 325.  The nature of the action taken in this case, or omission as it may be, is not securing Drake.  Put another way, plaintiff is essentially complaining about a lack of correctional staff or the diligence of the staff on hand.  This omission is susceptible to policy analysis.  Matters such as the allocation of guards and other correctional staff are plainly grounded in policy.  The BOP "must balance a variety of factors and employ considerable discretion in determining how to go about protecting prisoners from harm, while also managing costs and ensuring the safety of the prison staff and the community." Caudle v. United States, 72 F.3d 132 (7th Cir. 1995).  Perhaps the dog could have been contained if the prison assigned a correctional staff member to accompany each dog at all time or kept the dogs' leashes tied to a stationary object.  These actions would significantly reduce the effectiveness of any dog

program.  In any event, it is this type of "judicial 'second-guessing'" that the discretionary function exception is designed to prevent.  Varig Airlines, 467 U.S. at 813.  Consequently, the court finds that the discretionary function exception applies equally to the alleged failure to restrain Drake on April 7, 2010.

### IV.  Conclusion

Plaintiff's allegations in this matter, whether viewed as challenging the BOP's decision to place her in the long-term residential unit or the BOP's lack of care in overseeing the dog, are barred by the discretionary function exception to the FTCA.  Plaintiff, understandably, had no "good faith response" to the assertion of the exception.  As stated by the First Circuit, "decisions with regard to classification of prisoners, assignment to particular institutions or units, and allocation of guards and other correctional staff must be viewed as falling within the discretionary function exception to the FTCA, if penal institutions are to have the flexibility to operate." Santana-Rosa v. United States, 335 F.3d 39, 44 (1st Cir. 2003). The discretionary function exception is tailor-made for cases such as this one.  As such, defendant's motion to dismiss (Doc. No. 10) is GRANTED.

The Clerk is DIRECTED to remove this matter from the court's active docket and to send copies of this Memorandum Opinion and Order to counsel of record.

IT IS SO ORDERED this 15th day of October, 2013.

Enter:

David A. Faber
Senior United States District Judge